## ASSIGNMENT OF LIFE INSURANCE POLICY.

Circuit Court of Lucas County.

THE MECHANICS BANKING COMPANY V. THE EQUITABLE LIFE
ASSURANCE SOCIETY ET AL.

Decided, October 5, 1907.

*Life Insurance—Assignment of Policy without Delivery—Subsequent
Assignment with Possession—Conflicting Claims of Assignees to
the Proceeds—Priority—Collateral.*

The proceeds of a policy of life insurance are payable to the extent
of his claim to an assignee of the policy without delivery, in
preference to a subsequent assignee in whose possession the policy
was placed.

HAYNES, J.; WILDMAN, J., and PARKER, J., concur.

This is a petition in error, brought by the Mechanics Banking
Company, to reverse the judgment of the court of common pleas.
The case arises from, substantially, this state of facts:

George W. Dean took out a policy of insurance on his life, on
the tontine savings fund plan, in the Equitable Life Assurance
Society. He had not held it a great while before he wanted
some money, and thereupon proceeded to borrow from Horace
N. Gilbert, his brother-in-law, two thousand dollars, to secure
which loan he executed a third mortgage upon certain real
estate which he had, and also assigned to the brother-in-law this
policy of insurance, as collateral security for the amount of his
loan. Subsequently a prior mortgage upon the real estate was
foreclosed, and the third mortgage did not receive anything,
and the only claim which Gilbert had remaining for his secur-
ity was the assignment of the insurance policy.

Subsequent to the time of the assignment of the policy to
Gilbert, Dean, who still had the policy in his possession and
had not actually delivered it to his brother-in-law, went to the
plaintiff banking company in Fostoria and borrowed $600 on
the same tontine policy, and made an assignment of the policy
and delivered possession of it to the bank. The twenty years
which the policy had to run expired in the meantime, the
amount of the policy became due and has been paid, and this

is a suit brought for the purpose of deciding who shall have the preference out of this fund. The bank claims that it should have payment of its money first, and the balance should go to Gilbert. Gilbert claims that he is entitled first to the amount of his claim by virtue of the foregoing facts.

The point that is made and relied upon largely by counsel for the banking company, is that there was no delivery of possession of this policy of insurance to the brother-in-law at any time, and they claim that in justice and equity and as a fair rule of law, that the policy of insurance, having been left in possession of Dean and by him transferred to the bank, that it therefore acquired the superior right. The court below held in favor of the brother-in-law.

Counsel for plaintiff in error have cited some cases which he claims bear in his favor upon this question. On the other hand, counsel for defendant in error have cited a large number of authorities which they insist tend to support their claim. Without discussing those cases, or citing them, we simply say this: That it seems to us that, in an assignment of this kind, the assignee stands in the shoes of the man who makes the assignment, and we think that the brother-in-law, to the extent of his claim, by this assignment stood in the shoes of Dean and is entitled to be first paid out of the moneys. There is, of course, apparently some force in the argument which is made in which counsel for the banking company claim relief—that, because there was no delivery of actual possession of this policy of insurance to the brother-in-law, therefore the banking company who took the policy of insurance from Dean would be entitled to a preference, but we think that is not good law; in our opinion, it is not in accordance with the principles that properly govern that class of assignments. The bank, when it took this claim of Dean, took the interest that he had, and was bound to know the extent of his interest. If he misled them or misrepresented the facts to them, that was their lookout; it was not a matter that bound the person who already had an assignment. We think this should be so; we think that under the authorities cited by the defendant in error that the large weight of authority, if not almost the entire weight of authority, is in favor of the position that I have stated—in favor of the position claimed by

the brother-in-law—and those authorities can be gathered from the written briefs filed by the respective parties. We, therefore, come to the conclusion that the ·judgment of the court below should be affirmed.

*Stephens & Losee,* for plaintiff in error.

*Doyle & Lewis,* for defendant in error.